UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| OMAR JOHNSON ASHANTI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 07 C 2832 |
| ) | |
| DONALD A. HULICK, Warden, ) | |
| Menard Correctional Center. ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Petitioner Omar Johnson Ashanti's petition for a writ of habeas corpus. For the following reasons, the petition is denied.

## BACKGROUND [1]

On March 11, 1996, Omar Johnson Ashanti approached 58-year-old Dorothy Jewula, the owner of a Kentucky Fried Chicken restaurant ("KFC") and Ashanti's boss, in Westchester, Illinois, as she was leaving the restaurant with a large sum of money to make a bank deposit. Linda Rowry, another KFC employee, saw that after

---

[1] The background was taken from the state appellate court's factual summary of the evidence presented at Ashanti's trial.

Jewula had gotten into her car, Ashanti began speaking with her. Eventually, Ashanti got into Jewula's car and the two drove away. Based upon a statement Ashanti gave to the police, he and Jewula drove to his apartment complex and pulled into the garage. Ashanti stated that his cousin, Cornell James, was waiting in the garage. James ordered Ashanti and Jewula out of the car and ordered Jewula into the trunk. James then shot Jewula twice in the head at close range.

James testified to a different set of facts. He stated that Ashanti called him at about 2:15 p.m. on March 11 and told him that he had a car that was "too hot to drive." James then went to Ashanti's apartment and saw Jewula's car. Ashanti told James that he had stolen the car. Both Ashanti and James went to James's apartment where Ashanti told James that he had held up a "KFC lady" and offered James $500 to show him where he could dump the car. James accepted the money and agreed to help Ashanti. James testified that he neither knew that Jewula was dead nor that she was in the trunk of the car.

Ashanti drove Jewula's car to DeKalb, Illinois, and abandoned it in a grocery store parking lot. One of the grocery store employees identified Ashanti as the person driving Jewula's car on March 11. This witness also picked Ashanti out of a photo array on March 19. James admitted that he followed Ashanti to DeKalb and the two then returned to Westchester after abandoning Jewula and the car.

Following a 1999 jury trial in the Circuit Court of Cook County, Illinois, Ashanti was convicted of first degree murder, armed robbery, aggravated kidnapping, aggravated vehicular hijacking, and concealment of a homicidal death, for which he was sentenced, respectively, to one term of natural life in prison, three terms of 60 years in prison, and one term of 10 years in prison. The trial judge determined that Ashanti was eligible for a natural life sentence under three separate provisions:

(a) 720 ILCS § 5/9-1(b)(6) (First Degree Murder) because petitioner murdered the victim during the commission of an armed robbery, aggravated kidnapping, and aggravated vehicular hijacking.

(b) 730 ILCS § 5/5-8-1 (Felony Sentencing), because the murder was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty": and

(c) 720 ILCS § 5/9-1(b)(11) (First Degree Murder) because "the murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme or design to take human life."

Ashanti appealed his sentence and raised the following two arguments:

(1) the trial court relied on improper sentencing factors; and

(2) his sentence violated *Apprendi v. New Jersey* because the "exceptionally brutal or heinous" factor was not proven to a jury.

Upon review, the state appellate court affirmed in part but vacated the natural life sentence and remanded for re-sentencing. Consequently, the state filed a petition for leave to appeal (PLA), arguing that the appellate court erred when it held that an Illinois statute was unconstitutional under *Apprendi v. New Jersey*. The Illinois

Supreme Court denied the PLA, but issued a Supervisory Order directing the state appellate court to vacate its judgment and reconsider its opinion in light of four state supreme court decisions.

On remand, Ashanti raised the following additional argument: there was no overwhelming evidence of "exceptionally brutal or heinous" behavior and failure to submit this issue to a jury was "plain error". Nonetheless, the state appellate court, affirmed Ashanti's convictions and sentence holding that (1) the *Apprendi* violation regarding the "brutal or heinous" determination was forfeited because it was not raised at the trial court and any error did not amount to "plain error", and (2) Ashanti was eligible for the life sentence he received based upon the felony murder provision.

Ashanti then filed a PLA in which he raised the following three claims:

(1) the appellate court failed to follow the prejudice standard for "plain error" set out by the state supreme court;

(2) the appellate court incorrectly found that his actions were "exceptionally brutal or heinous" when the evidence was not overwhelming; and

(3) the appellate court failed to consider his background in determining whether his actions were indicative of wanton cruelty.

The Illinois Supreme Court denied Ashanti's PLA.

On April 1, 2005, Ashanti filed a postconviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS § 5/122-1, *et seq.*, in which he raised the following eight claims:

(1) his sentence and conviction violated the proportionate penalties clauses of the United States and Illinois Constitutions;

(2) the trial court relied on improper sentencing factors;

(3) the use of a general verdict and the assumption that the jury found him guilty on all first degree murder charges for sentencing purposes violated his right to a trial by jury;

(4) his rights under *Apprendi* were violated because the charging instrument did not put him on notice of the aggravating sentencing factor;

(5) 730 ILCS §§ 5/5-8-1(a)(1)(b) (Felony Sentencing), 5/5-5/3/2(b)(2), and 5/5-8-2(a)(1) were unconstitutional "bills of pains and penalties" that allowed the judge to sentence him beyond the facts found by the jury;

(6) the trial court erred by admitting a plea-related statement made in consideration of promises of leniency in violation of Illinois Supreme Court Rule 402(f);

(7) in denying the motion to suppress, the trial court relied on improper factors; and

(8) his trial and appellate counsel were ineffective with respect to his proportionate penalties claim and his "bills of pains and penalties" claim.

The trial court summarily denied Ashanti's petition.

Ashanti appealed the trial court's denial and the court appointed the Office of the State Appellate Defender (OSAD) as counsel on appeal. On August 1, 2006, the OSAD filed a motion to withdraw as counsel on Appeal pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Ashanti filed two letters in response to the OSAD's

motion. The state appellate court granted the OSAD's motion and affirmed the judgment of the trial court denying the postconviction petition.

Ashanti then filed a PLA, which the Illinois Supreme Court denied on January 24, 2007. A few weeks later, on February 18, 2007, Ashanti filed a Motion to Vacate the Illinois Supreme Court's order pursuant to 735 ILCS § 5/2-1401. The trial court dismissed Ashanti's petition as frivolous on June 15, 2007.

On June 18, 2007, Ashanti filed a notice of appeal. Ashanti raised the following three arguments on appeal from the denial of his Section 2-1401 petition:

(1) the state appellate court never determined whether 730 ILCS §§ 5/5-9-1(a)(1)(b), 5/5-5-3.2(b)(2), and 5/5-8-2(a) were unconstitutional and were not barred by res judicata;

(2) the above-mentioned statutory provisions were unconstitutional pursuant to *Apprendi*; and

(3) the state appellate court erred in finding that the *Apprendi* violation was harmless error when the court had previously found that the violation was not harmless.

On May 16, 2007, Ashanti filed two Section 2254 petitions in this court. Pursuant to our May 30, 2007 Order, Ashanti filed a consolidated amended petition on June 14, 2007, which raised the following ten claims:

(1) appellate counsel was constitutionally ineffective for failing to raise several of the claims listed below on direct appeal;

(2) Ashanti's due process rights were violated because he was sentenced pursuant to 720 ILCS § 5/9-1(b)(6)(11) and was charged under 720 ILCS § 5/9-1(a);

(3) the postconviction trial court erroneously found that Ashanti's claim that the trial court relied upon "unfounded facts" was barred by res judicata;

(4) the trial court improperly based its sentence on factors not charged or found by a jury in violation of *Apprendi*;

(5) because the jury used a general verdict form, some of the facts that the judge relied on for the sentence were "presumed" in violation of *Apprendi*;

(6) Ashanti's statements were involuntary and made without proper warnings;

(7) the state appellate court violated 720 ILCS § 5/9-1(f);

(8) the state appellate court erred in finding the *Apprendi* violation harmless error when it was not harmless;

(9) the state appellate court erred by declining to hold that 730 ILCS §§ 5/5-8-1(a)(1)(b) (Felony Sentencing-brutal or heinous), 5/5-5-3.2(b)(2) (Aggravating Factors), and 5/5-8-2(a) (Extended Term) were unconstitutional; and

(10) the state appellate court erred by finding that the *Apprendi* violation was harmless error when the court had previously found that it was not harmless.

## LEGAL STANDARD

District courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution or laws or treaties of the United States. Review by a federal court

is appropriate only when a prisoner has exhausted his challenges to his conviction in the state courts. § 2254(b)(1)(A).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") as codified in 28 U.S.C. § 2254, defines the scope of federal court review of state convictions, limiting such review to claims not adjudicated on the merits in state court unless the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. § 2254(d); *see also Guest v. McCann*, 474 F.3d 926, 931 (7th Cir. 2006) (*noting* the deference to state court decisions required by AEDPA). A decision is considered "contrary to clearly established Federal law" if "the state court either 'applies a rule that contradicts the governing law' set forth by the Supreme Court or decides a case differently than the Supreme Court has on materially indistinguishable facts." *McDowell v. Kingston*, 497 F.3d 757, 759 (7th Cir. 2007) *citing Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state has not unreasonably applied federal law unless the application is more than incorrect and instead lies "well outside the boundaries of permissible differences of opinion." *Gilbert v. Merchant*, 488 F.3d 780, 790 (7th Cir. 2007) (internal citations omitted). Furthermore, the state

court's determination of factual issues is presumed correct, and the petitioner may only rebut that presumption by clear and convincing evidence. § 2254(e)(1); *Amerson v. Farrey*, 492 F.3d 848, 852 (7th Cir. 2007).

With these legal principles in mind, we will consider the instant motion.

**DISCUSSION**

Although Ashanti presents 10 grounds in his habeas corpus petition, the essence of his complaints may be condensed into three arguments: 1) an ineffective assistance of counsel claim; 2) a claim that his sentence of natural life imprisonment was unconstitutionally imposed in violation of *Apprendi;* 3) a claim that he made involuntary statements to the police and these statements were improperly admitted at his trial.

**I. Effectiveness of Appellate Counsel**

Ashanti first claims that his appellate counsel was constitutionally ineffective for failing to raise all of the claims in this petition on direct appeal. In reviewing an ineffective assistance of counsel claim in a petition for habeas corpus, it is necessary to determine whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed with his ineffective assistance claim, Ashanti must first prove that his attorney's performance "fell below

an objective standard of reasonableness." *Id.* at 686. We evaluate the reasonableness of counsel's performance, "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). The standard of review is highly deferential. *Id.* In fact, even if Ashanti can show that his attorney's performance was unreasonable, he must further prove that such unreasonableness deprived him of a fair judicial proceeding. *Id.*

Ashanti's argues that his attorney should have made more claims on his behalf during his appeal. However, a review of Ashanti's appellate court brief indicates that his attorney raised some of the same issues on appeal that he raises now. Moreover, an attorney is "not required to raise every non-frivolous issue on appeal." *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004). Sometimes, it is considered to be an effective strategy for an attorney to raise some but not all potential claims. *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007).

Furthermore, Ashanti's appellate attorney convinced the Illinois appellate court to vacate Ashanti's natural life sentence and remand the case for re-sentencing by arguing that Ashanti's sentence violated *Apprendi* because the "exceptionally brutal and heinous" aggravating factors were not proven to a jury. Due to the success his appellate attorney had, and the "strong presumption that [Ashanti's appellate] counsel's conduct falls within the wide range of reasonable professional assistance,"

*Daniels v. Knight*, 476 F.3d 426, 433 (7th Cir. 2007), we find that Ashanti was reasonably represented by his appellate counsel and that this claim does not merit habeas relief.

## II. *Apprendi*-Related Claims

### A. *Ashanti's Third, Seventh, and Tenth Apprendi-Related Claims*

Three of Ashanti's *Apprendi*-related claims (the third, seventh, and tenth claims) must be dismissed for procedural reasons because they do not allege a violation for which we can grant relief. On habeas review a "federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). We are precluded from reviewing a state court's application of state law, *Lambert*, 449 F.3d 774, 779 (7th Cir. 2006), and can only grant relief if "the state court's errors have deprived the petitioner of a right under federal law." *Perruquet v. Briler*, 390 F.3d 505, 511 (7th Cir. 2004).

Ashanti's third claim argues that the postconviction trial court erroneously found that his claim-that the trial court relied upon "unfounded facts"- was barred by res judicata. Res judicata is not mandated by the Constitution, laws, or treaties of the U.S. As such, it does not warrant habeas relief.

Similarly, Ashanti's seventh claim that the state appellate court violated 720 ILCS § 5/9-1(f), which requires the state to prove beyond a reasonable doubt any of the

aggravating factors listed in 720 ILCS § 5/9-1(b) and his tenth claim that the state courts misapplied the "plain error" doctrine are also not cognizable on habeas review. In *Lambert v. Davis*, the court held that "nothing in the Constitution entitles state defendants to obtain a federal benefit from errors of state law." 449 F.3d at 779. In other words, the federal courts are not at liberty to direct the state courts on how to interpret their state's statutes. *Id.* Considering the merits of Ashanti's seventh and tenth claims would require us to improperly critique the Illinois state appellate court's interpretation of Illinois state law. Consequently, we find that these claims also must be denied habeas relief.

B.   *Ashanti's Second, Fourth, Fifth, Eighth, and Ninth Apprendi-Related Claims*[2]

The underlying basis of Ashanti's remaining *Apprendi*-related claims is that he was unconstitutionally sentenced to a term of natural life imprisonment based on factors which were not proven to a jury beyond a reasonable doubt. In considering the merits of this argument, we must consider whether the state court's decision was

---

[2] Ashanti's *Apprendi*-related claims are as follows:
(2) Ashanti's due process rights were violated because he was sentenced pursuant to 720 ILCS § 5/9-1(b)(6)(11) and was charged under 720 ILCS § 5/9-1(a);
(4) The trial court improperly based its sentence on factors not charged or found by a jury in violation of *Apprendi*;
(5) Because the jury used a general verdict form, some of the facts that the judge relied on for the sentence were "presumed" in violation of *Apprendi*;
(8) The state appellate court erred in finding the *Apprendi* violation harmless; and
(9) The state appellate court erred by declining to hold that 730 ILCS §§ 5/5-8-1(a)(1)(b), 5/5-5-3.2(b)(2), and 5/5-8-2(a) were unconstitutional and incompatible with *Apprendi*.

contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

*Apprendi* made clear that a state may not skirt a criminal defendant's rights to due process and trial by jury by "redefining the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of the punishment." *Apprendi*, 530 U.S. at 485 (*quoting Mullaney v. Wilbur*, 421 U.S. 684, 698 (1975)). *Apprendi* established that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The "statutory maximum" under *Apprendi* is the maximum sentence a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant. *Ring v. Arizona*, 536 U.S. 584, 602 (2002). In other words, the statutory maximum is not the maximum sentence which may be imposed after the judge makes additional factual findings beyond the jury verdict, but rather the maximum sentence he may impose without any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303-4 (2004). A sentence does not implicate *Apprendi* "unless it exceeds a default statutory maximum." *United States v. Patterson*, 348 F.3d 218, 229 (7th Cir. 2003). Therefore, if a sentence is based strictly on the facts as decided by the jury beyond a reasonable doubt, there can be no *Apprendi* violation.

Alternatively, when the judge imposes a sentence based upon finding some additional fact, an *Apprendi* violation will result. *Blakely*, 542 U.S. at 305. Plainly stated, any sentence enhancement must be authorized by the jury's verdict alone. *Id*. Thus, where a finding of aggravating factors is necessary to sentence a defendant to the death penalty or life imprisonment, *Apprendi* requires that those factors be submitted to a jury and proven beyond a reasonable doubt. *United States v. Knight*, 342 F.3d 697, 711 (7th Cir. 2003). Therefore, as long as the requisite facts for sentencing are found beyond a reasonable doubt at the guilt phase of a trial, there will be no *Apprendi* violation. *Mack v. Battaglia*, 441 F.Supp.2d 328, 935.

Applying these principles, we find that the state court did not violate *Apprendi* and had sufficient grounds for which to impose Ashanti's natural life sentence. Looking to the jury's verdict alone, it is clear that Ashanti's *Apprendi*-related arguments fail. Ashanti was found guilty of first degree murder, armed robbery, aggravated kidnapping, aggravated vehicular hijacking, and concealment of a homicidal death. The Illinois law at the time of Ashanti's sentencing limited a sentence for first degree murder to 60-years imprisonment. *People v. Swift*, 781 N.E.2d 292, 29(2002). However, the 60-year maximum could be increased to a sentence of natural life imprisonment as long as the jury found that Ashanti committed first degree murder, intentionally or knowingly killed another individual in the course of an armed robbery,

and committed aggravated kidnapping or aggravated vehicular hijacking. 720 ILCS 5/9-1 (b)(6). Based on the verdict returned by the jury, Ashanti was eligible for a sentence of natural life imprisonment. This is because no facts beyond those found by the jury were necessary in order to impose a natural life sentence upon Ashanti. Accordingly, Ashanti's argument as to the sufficiency of the charging instrument with respect to his natural life sentence fails. Consequently, Ashanti's *Apprendi*-related claims also do not warrant habeas relief.

### III. Statements to Police

Ashanti next contends that statements he made to the police, which were later used against him at trial, were involuntary and made without proper *Miranda* warnings. The state contends that Ashanti procedurally defaulted this claim because he failed to raise it on direct appeal.

As previously discussed, a procedural default occurs when a petitioner fails to exhaust all available state court remedies. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). In order to fully exhaust the available state court remedies, a habeas petitioner "must have presented fully and fairly his federal claims to the state courts." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999).

A thorough review of the record shows that Ashanti did not raise this claim on direct appeal. His failure to do so demonstrates that he did not fully exhaust all the

state court remedies available to him. *Chambers*, 264 F. 3d at 738. Consequently, Ashanti's petition for relief with respect to his alleged involuntary statements to the police before receiving his *Miranda* rights also does not warrant habeas relief. *Id.*; 28 U.S.C. § 2254(b)(1)(A).

## CONCLUSION

Based on the foregoing analysis, Ashanti's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

                                                       Charles P. Kocoras
                                                       United States District Judge

Dated:   February 4, 2008